**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT SUMMERS,

      Defendant-Appellant.

No. 13-8054
(D.C. Nos. 2:12-CV-00111-CAB and
2:09-CR-00099-WFD-2)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After a jury convicted Robert Summers of conspiracy to possess methamphetamine with intent to distribute, a result this court affirmed on direct appeal, Mr. Summers filed a motion under 28 U.S.C. § 2255. In his motion, Mr. Summers alleged that his right to effective assistance of counsel at trial had been denied. The district court disagreed, issued a detailed memorandum and order denying Mr. Summers's request, and denied Mr. Summers's request for a certificate of appealability (COA).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Now before us, Mr. Summers renews his request for a COA. To succeed, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to do that, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Our review of the case leads us to agree with the district court that Mr. Summers has not crossed that threshold. To succeed on a claim of ineffective assistance, a petitioner must demonstrate two things. First, he must show that his attorney's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, he must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Mr. Summers offers a variety of theories why, in his view, his counsel's performance meets the test set forth in *Strickland*. The district court addressed each theory in depth and found each wanting under *Strickland*'s standards. We agree with its reasoning in full.

For example, Mr. Summers argues that his counsel failed to object to a "massive amount" of improper evidence. Aplt. Br. at 2. He points to twenty pieces of evidence that he believes counsel should have objected to on grounds of

hearsay, lack of foundation, or speculation. But as the district court noted, even if Mr. Summers's attorney *had* objected, almost all of the evidence would have been held admissible. As for any testimony that might have been excluded, moreover, Mr. Summers has failed to show how its absence would have changed the outcome of his case.

Alternatively, Mr. Summers contends that his counsel failed to conduct an adequate voir dire. But this court has held that "[a]n attorney's actions during voir dire are considered to be matters of trial strategy," which "cannot be the basis" of an ineffective assistance claim "unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness." *Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997). The record does not permit such a conclusion in this case. Mr. Summers complains that his attorney asked prospective jurors only a handful of questions. But it turns out that counsel had good reason for his abridged voir dire: the judge had already performed a lengthy interrogation of the prospective jurors. The judge's own voir dire, moreover, incorporated questions provided by attorneys from both sides. And after the judge was satisfied, he gave each attorney only fifteen minutes to pose his own questions, a situation Mr. Summers can't reasonably fault his counsel for. In these circumstances, we do not believe that counsel's voir dire fell below *Strickland*'s objective standard of reasonableness.

Mr. Summers says his trial counsel failed to present an adequate opening statement. But counsel's statement, though brief, appears to have been grounded in a reasonable trial strategy: Mr. Summers's attorney sought to prime the jury for his argument that the government simply didn't have enough evidence to prove Mr. Summers's guilt. In addition, this court has held that even failing to give any opening statement at all is not automatically proof of ineffective assistance. *See Clayton v. Gibson*, 199 F.3d 1162, 1178 (10th Cir. 1999). Yet that seems to be exactly the sort of inference Mr. Summers wishes us to draw.

Mr. Summers accuses his attorney of failing to establish the actual dates of his prior incarceration and release. This was a significant failing, Mr. Summers says, because he was in jail during portions of the alleged conspiracy and couldn't have played any part in that conspiracy while incarcerated. But while counsel did not establish at trial the exact dates Mr. Summers was incarcerated, counsel did show his client was in prison at various points throughout this conspiracy. Problematically too for Mr. Summers, it is undisputed that he was *out* of jail during much of the alleged conspiracy, and he offers no reason why the time he did spend behind bars would have precluded any participation by him in the alleged conspiracy. Even had counsel performed as Mr. Summers says he should have, we cannot see how this would have altered the outcome of the trial.

Lastly, Mr. Summers argues that his attorney refused to allow him to testify. This accusation, if true, would certainly satisfy *Strickland*'s "deficient

performance" requirement. *See Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004). But as the district court noted, Mr. Summers cannot show prejudice. Mr. Summers says he wished to testify that he wasn't a drug dealer — only a drug user — and that he couldn't have participated in this conspiracy because he was in jail. The difficulty is, the government presented overwhelming evidence from many sources — including from several people who purchased drugs from Mr. Summers — that would have directly contradicted Mr. Summers's testimony. In addition, had Mr. Summers testified there is little doubt that the government would have introduced his prior conviction for methamphetamine distribution, casting further doubt on his claim that he never sold drugs. In light of the totality of the evidence presented and the potential impeachment evidence the government possessed, we do not see any reasonable probability that the result of the trial might have been different had Mr. Summers testified along the lines he now proposes.

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge